```
Amy B. Vandeveld, State Bar No. 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California  92101
Telephone:  (619) 231-8883
Facsimile:  (619) 231-8329

Attorney for DAVID GEFFEN
```

FILED

2008 AUG 25 AM 9:54

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GEFFEN,<br><br>    Plaintiff,<br><br>vs.<br><br>THUNDERBOATS UNLIMITED CLUB, INC.;<br>CITY OF SAN DIEGO and DOES 1 THROUGH<br>20, Inclusive,<br><br>    Defendants. | Case No: 08 CV 1563 BEN LSP<br><br>**CIVIL COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br>[F.R.C.P. §38(b);<br>Local Rule 38.1] |

Plaintiff, DAVID GEFFEN, (hereinafter referred to as "Plaintiff"), files his cause of action against Defendants THUNDERBOATS UNLIMITED CLUB, INC. ("THUNDERBOATS") and the CITY OF SAN DIEGO ("CITY") and DOES 1 THROUGH 20, Inclusive, and would show unto the Court the following:

I.

**JURISDICTION AND VENUE**

1.   This Court has original jurisdiction of this civil action pursuant to 28 USC §1331, 28 USC sections 1343(a)(3) and 1343(a)(4) for claims arising under the Americans with Disabilities Act of 1990, 42 USC sections 12101 et. seq. and the court's supplemental jurisdiction, 28 USC §1367.

2. Venue in this Court is proper pursuant to 28 USC §§1391(b) and (c).

3. Pursuant to 28 USC §1367(a), Plaintiff shall assert all causes of action based on state law, as plead in this complaint, under the supplemental jurisdiction of the federal court. All the causes of action based on federal law and those based on state law, as herein stated, arose from a common nuclei of operative fact. That is, Plaintiff was denied equal access to Defendants' programs, activities, facilities, goods, and/or services in violation of both federal and state laws and/or was injured due to violations of federal and state access laws. The state actions of Plaintiff are so related to the federal actions that they form part of the same case or controversy. The actions would ordinarily be expected to be tried in one judicial proceeding.

## II.

## **THE PARTIES**

4. Defendant THUNDERBOATS is, and at all times mentioned herein is, and at all times mentioned herein was, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. THUNDERBOATS owns, operates and/or manages the an event more commonly known as "the Thunderboat Regatta" at Mission Bay in San Diego, CA (hereinafter "the event".) Plaintiff is informed and believes and thereon alleges that Defendant THUNDERBOATS is, and at all times mentioned herein was, the owner, lessor or lessee of the real property involved in the presentation of the

1 | event, and/or the owner and/or operator of the place of public
2 | accommodation, including the adjacent parking lots and viewing
3 | areas at which the event is held as well as the off-site parking
4 | lots utilized by attendees of the event.  Plaintiff is informed
5 | and believes and thereon alleges that Defendant THUNDERBOATS is,
6 | and at all times mentioned herein was, the owner, lessor or
7 | lessee of shuttles used to transport event attendees from off-
8 | site parking lots to the event.
9 |       5.   Defendant CITY OF SAN DIEGO is, and at all times
10 | mentioned herein was, a local government entity and/or a
11 | municipal corporation (as defined under 28 C.F.R. §35.104),
12 | organized and existing and/or providing public programs,
13 | activities and/or services under the laws of the State of
14 | California.  CITY OF SAN DIEGO owns and controls the public
15 | areas, parking lots and viewing areas at which the event occurs,
16 | as well as surrounding areas.
17 |       6.   Plaintiff is informed and believes and thereon alleges
18 | that Does 1 through 20 were at all times relevant herein
19 | employers, employees, agents, managers, and/or representatives of
20 | CITY OF SAN DIEGO.  Plaintiff is ignorant of the true names and
21 | capacities of Defendants sued herein as Does 1 through 20,
22 | inclusive, and therefore sue these Defendants by such fictitious
23 | names.  Plaintiff will pray leave of the court to amend this
24 | complaint to alleges the true names and capacities when
25 | ascertained.
26 |       7.   Plaintiff is informed and believes and thereon alleges
27 | that Does 21 through 30 were at all times relevant herein
28 |

employers, employees, agents, managers, and/or representatives of THUNDERBOATS. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 21 through 30, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will pray leave of the court to amend this complaint to alleges the true names and capacities when ascertained.

8. Plaintiff, and all members of the class represented by Plaintiff, and each of them, are otherwise qualified individuals as provided in the Americans with Disabilities Act of 1990, 42 USC §12102, the Rehabilitation Act of 1973 §504 (as amended 29 USC §794) and the California Unruh Civil Rights Act, Civil Code §§51, 52, 54.1, 54.3 and 55, and other statutory measures which refer to the protection of the rights of "people with disabilities."

## III.
## FACTS

9. Plaintiff has a mobility impairment or has been classified as having a physical impairment, as required by 42 USC §12102(2)(A).

10. Within a year of filing the Complaint, Plaintiff attempted to obtain full and equal access to the programs, services and activities of the CITY OF SAN DIEGO with respect to the event, including travel along public sidewalks and rights of way, viewing areas, parking lots and shuttles. The CITY OF SAN DIEGO failed to ensure that the event was accessible to people who use wheelchairs. At all relevant times, the Defendants have

1 | possessed and enjoyed sufficient control and authority to modify
2 | the subject property to remove impediments to wheelchair access,
3 | to modify their policies, practices and procedures, to provide
4 | accessible parking and accessible transportation, and to comply
5 | with the Americans with Disabilities Act Accessibility Guidelines
6 | and Title 24 regulations.  The Defendants intentionally
7 | maintained the subject property, parking lots, shuttles, ticket
8 | counters, walkways and viewing areas in their current
9 | inaccessible conditions and intentionally refrained from
10 | complying with the accessibility standards and statutes.
11 |         11.  Plaintiff was denied full and equal access to the
12 | goods, services, benefits, privileges, public programs,
13 | activities, or services provided by the CITY OF SAN DIEGO and or
14 | by THUNDERBOATS.  Specifically, there were no accessible viewing
15 | areas provided for people in wheelchairs, there was insufficient
16 | accessible parking, there were no accessible shuttles and there
17 | were no accessible ticket counters or concession booths.
18 |         12.  Plaintiff timely filed a tort claim with the CITY OF
19 | SAN DIEGO which was rejected on February 26, 2008.
20 |         13.  By the above described acts, and other acts, CITY OF
21 | SAN DIEGO excluded Plaintiff from and/or denied him the benefits
22 | of public services, programs or activities of a public entity
23 | and/or subjected Plaintiff to discrimination based upon his
24 | disability and, further, caused Plaintiff to suffer physical
25 | injury and THUNDERBOATS denied Plaintiff full and equal access to
26 | its goods, services, advantages, privileges and accommodations.
27 |         14.  Plaintiff alleges that Defendants will continue to
28 |

1  provide public programs, activities, goods, services, benefits,
2  advantages and privileges which are inaccessible to him and to
3  other individuals with disabilities and that Defendants will
4  continue to discriminate against people with disabilities.
5       15.  Plaintiff seeks damages based upon the intentional
6  conduct of Defendants and further seeks an injunctive order
7  requiring compliance with federal and state disability
8  discrimination laws and requiring compliance with the
9  regulations implementing said laws.

## IV.

## FIRST CLAIM FOR
## VIOLATION OF AMERICAN WITH DISABILITIES ACT
## 42 USC §12101, et. seq.

16.  Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 15, inclusive, as though set forth fully herein.

17.  Pursuant to the ADA Title II (42 USC §12131, et. seq.), CITY OF SAN DIEGO is required to provide full and equal access to its public programs, activities, and services.

18.  Plaintiff was also denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased and/or operated by Defendants, in violation of 42 USC §12182(a). Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to 42 USC §12188 as a result of the actions or inaction of Defendants.

19.  Plaintiff was denied full and equal access to Defendants' goods, services, advantages, privileges, facilities,

public programs, activities, and services.  Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief pursuant to the Americans with OF SAN Disabilities Act as a result of the actions or inaction of the Defendants.

20. Among other remedies, Plaintiff seeks damages and an injunctive order requiring compliance with state and federal laws which protect people with disabilities from discrimination based upon a disability and other relief the court may deem proper.

21. Plaintiff also seeks any other order that will redress the discrimination to which he has been subjected, is being subjected and/or will be subjected.

V.

**SECOND CLAIM FOR**
**VIOLATION OF CALIFORNIA CIVIL CODE**

22. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 21, inclusive, as though set forth fully herein.

23. Based on the facts plead hereinabove and elsewhere in this complaint, the Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facility and of Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code §§51, et. seq, 52, et. seq. and 54, et. seq.

24. Defendants' actions constitute a violation of

1  Plaintiff's rights under California Civil Code Sections 54 et.
2  seq. and therefore he is entitled to injunctive relief remedying
3  all such violations of California access laws and standards.  In
4  addition, he is entitled to damages under California Civil Code
5  Section 54.3 for each offense.  The amount of damages suffered by
6  Plaintiff is not yet determined.  When the amount is ascertained,
7  he will ask the Court for leave to amend this complaint to
8  reflect this amount.  Plaintiff is also entitled to attorneys'
9  fees and costs.
10       25.  The actions of the Defendants were and are in violation
11 of the Unruh Civil Rights Act, California Civil Code Sections 51
12 et. seq. and therefore Plaintiff is entitled to injunctive relief
13 remedying all such violations of California access laws and
14 standards.  In the alternative, he is entitled to damages under
15 California Civil Code Sections 51 et. seq. for each offense.  The
16 amount of damages suffered by Plaintiff is not yet determined.
17 When the amount is ascertained, he will ask the Court for leave
18 to amend this complaint to reflect this amount.  Plaintiff is
19 also entitled to attorneys' fees and costs.
20       26.  Plaintiff seeks all of the relief available to him
21 under Civil Code Sections 51, 52 et. seq, 54, 54.1, 54.2, 54.3,
22 55, 55.1 and any other Civil Code Sections which provide relief
23 for the discrimination suffered by Plaintiff, including damages
24 and attorneys fees.
25 ///
26 ///
27
28

## VI.

## THIRD CLAIM FOR
## NEGLIGENCE PER SE

27. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26, inclusive, as though set forth fully herein.

28. At all times relevant hereto, there was in effect the Americans with Disabilities Act, California Civil Code Sections 51 et. seq., California Civil Code Sections 54 et. seq., and California Government Code Section 4450 et. seq., all of which require that public accommodations and facilities built with private funds provide services to people with disabilities which are equal to, and are not inferior to, the services provided to individuals who are not physically disabled.

29. The Defendants owed Plaintiff a mandatory statutory duty to provide him full and equal access to programs, services, activities, accommodations, advantages, facilities and privileges of all business establishments and public entities and/or to otherwise avoid discriminating against Plaintiff. Plaintiff, and others similarly situated, are members of the class which these statutes are designed to protect.

30. Defendants' acts or omissions alleged herein are a violation of statutory requirements including, but not limited to, the Americans with Disabilities Act, California Civil Code Sections 51 et. seq., California Civil Code Sections 54 et. seq., and California Government Code Section 4450 et. seq., and public policy, and therefore constitute negligence per se.

31. As a proximate result of the action or inaction of the Defendants, Plaintiff and others similarly situated suffered the harm these statutes are designed to prevent.

32. Plaintiff seeks special and general damages and statutory damages according to proof.

## VII.

### FOURTH CLAIM FOR NEGLIGENCE

33. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though set forth fully herein.

34. The Defendants had duties to exercise ordinary care.

35. The Defendants failed to exercise ordinary care.

36. As an actual and proximate result of Defendants' failure to exercise ordinary care, Plaintiff suffered damages in an amount to be determined by proof.

## VIII.

### FIFTH CLAIM FOR DECLARATORY RELIEF

37. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36, inclusive, as though set forth fully herein.

38. An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code Sections 51, et. seq., Sections 52, et. seq., Sections 54, et. seq., Health and Safety Code Sections 19955, et. seq., Government Code Sections 4450, et.

seq. and 7250, et. seq., Title 24 of the California Code of Regulations, the Rehabilitation Act of 1973, as amended, and/or Title II and/or Title III of the Americans with Disabilities Act and the ADA Accessibility Regulations.

39. A declaratory judgment is necessary and appropriate at this time so that all of the parties may know their respective rights and duties and act accordingly.

## IX.

### SIXTH CLAIM FOR INJUNCTIVE RELIEF

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as though set forth fully herein.

41. Plaintiff will suffer irreparable harm unless the Defendants are ordered to remove architectural barriers and transportation barriers which deny Plaintiff programmatic access to Defendants' public programs, services and/or activities, goods, benefits, advantages and privileges or which otherwise discriminate against Plaintiff. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of the Defendants.

42. Plaintiff seeks injunctive relief to redress his injuries.

## X.

### JURY DEMAND

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a jury trial.

WHEREFORE, Plaintiff prays for judgment against the CITY OF SAN DIEGO and THUNDERBOATS and DOES 1 through 30, as follows:

1. An order enjoining the Defendants from violating disabled access laws of the United States and of the State of California;
2. That the Court declare the respective rights and duties of Plaintiff and Defendants as to the removal of architectural barriers, transportation barriers and discriminatory policies, practices and procedures in relation to the event;
3. An order awarding Plaintiff actual, special and/or statutory damages for violation of civil rights and for restitution including, but not limited to, damages pursuant to the applicable Civil Code Sections including, but not limited to, §§52 and 54.3 for each and every offense of Civil Code §§51 and 54;
4. An award of compensatory damages according to proof;
5. An award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and the Disabled Persons Act; and
6. An order awarding Plaintiff reasonable attorneys' fees and costs;
7. Such other and further relief as the Court deems proper.

Dated: 8/22/08

LAW OFFICES OF AMY B. VANDEVELD

_____
AMY B. VANDEVELD,
Attorney for Plaintiff

JS-44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

I (a) PLAINTIFFS
DAVID GEFFEN,

DEFENDANTS
THUNDERBOATS UNLIMITED CLUB, INC.; CITY OF SAN DIEGO and DOES 1 through 10, Inclusive

FILED
2008 AUG 25 AM 9:54
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Amy B. Vandeveld, Esq.
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, CA 92101    (619) 231-8883

ATTORNEYS (IF KNOWN)

'08 CV 1563 BEN LSP

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- XX 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business in Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. Sections 12101-12111, 11281-12184 and 12201 et. seq.

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 110 Insurance | 310 Airplane | 362 Personal Injury- Medical Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 120 Marine | 315 Airplane Product Liability | | 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | 430 Banks and Banking |
| 130 Miller Act | 320 Assault, Libel & Slander | 365 Personal Injury - Product Liability | 630 Liquor Laws | 820 Copyrights | 450 Commerce/ICC Rates/etc. |
| 140 Negotiable Instrument | 330 Federal Employers' Liability | | 640 RR & Truck | 830 Patent | 460 Deportation |
| 150 Recovery of Overpayment & Enforcement of Judgment | | 368 Asbestos Personal Injury Product Liability | 650 Airline Regs | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 660 Occupational Safety/Health | SOCIAL SECURITY | 810 Selective Service |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 690 Other | 861 HIA (1395ff) | 850 Securities/Commodities Exchange |
| 153 Recovery of Overpayment of Veterans Benefits | 350 Motor Vehicle | 371 Truth in Lending | LABOR | 862 Black Lung (923) | 875 Customer Challenge 12 USC |
| | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 710 Fair Labor Standards Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 160 Stockholders Suits | | | 720 Labor/Mgmt. Relations | 864 SSID Title XVI | 892 Economic Stabilization Act |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 730 Labor/Mgmt. Reporting & Disclosure Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 195 Contract Product Liability | | | 740 Railway Labor Act | FEDERAL TAX SUITS | 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus | 791 Empl. Ret. Inc. Security Act | 871 IRS - Third Party 26 USC 7609 | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 220 Foreclosure | 442 Employment | 530 General | | | 950 Constitutionality of State |
| 230 Rent Lease & Ejectment | X 443 Housing/Accommodations | 535 Death Penalty | | | 890 Other Statutory Actions |
| 240 Ton to Land | 444 Welfare | 540 Mandamus & Other | | | |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prisoner Conditions | | | |

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)
- XX 1 Original Proceeding
- 2 Removal from State Court
- 3 Remanded from Appelate Court
- 4 Reinstated or Reopened
- 5 Transferred from another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT:
- CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23
- DEMAND $ To be determined at trial
- Check YES only if demanded in complaint:
- JURY DEMAND: XX YES • NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE _____ Docket Number _____

DATE 8/22/08

SIGNATURE OF ATTORNEY OF RECORD /s/

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

15/394 $350.00 MB 08/25/08

```
       UNITED STATES
       DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 154394    - MB
       * * C O P Y * *
       August 25, 2008
           09:55:33

         Civ Fil Non-Pris
   USAO #.: 08CV1563 CIVIL FILING
   Judge..: ROGER T BENITEZ
   Amount.:              $350.00 CK
   Check#.: BC3448


   Total->    $350.00


   FROM: DAVID GEFFEN VS
         THUNDERBOATS UNLIMITED CLUB
         INC, ET AL
```